KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.— January, 1885.

SAW-MILL CO. *v.* DOCK.

*In the matter of the estate of* LUTHER DOCK, *deceased.*

Letters of temporary administration upon the estate of a decedent can be granted only where an application for letters in chief is pending, and under the circumstances specified in Code Civ. Pro., § 2668, subd. 1.

An original independent proceeding by a creditor to procure temporary letters, to enable him to collect his debt, is unauthorized.

Jurisdiction over a non-resident respondent can be obtained only by voluntary appearance, or by service of a citation in the manner specified in Code Civ. Pro., § 2524.

PETITION by the South Brooklyn Saw-Mill Company for letters of temporary administration upon decedent's estate. The facts are stated in the opinion.

M. A. RAYMOND, *for petitioner.*

T. G. BERGEN, *for Susan V. Dock.*

THE SURROGATE.—The petitioner, in its application, alleges that Luther Dock was a resident of the city of Philadelphia, and died there on February 6th, 1884, leaving a widow and two children, and leaving assets in this State unadministered upon; that petitioner is a creditor of the estate; that no application has been made to any Surrogate in this State for original letters of administration upon the estate of decedent; and asks that letters of temporary administration be granted to it, to enable it to collect its claim.

It is objected, by counsel for the widow, 1*st*, that the service of citation is not sufficient; and 2*d*, that the court has no power to grant letters of temporary administration, where no application for letters of administration in chief is pending. It appears, from the papers submitted, that the only service of citation which has been made upon the next of kin of the deceased, is one of thirteen days' notice by mail, upon the next of kin residing in the city of Philadelphia. That, in my opinion, is not sufficient. The only way in which the court can acquire jurisdiction of non-residents is by the service of citation as pre-

scribed by § 2524 of the Code of Civil Procedure, or by voluntary appearance.

But in this case I think that such application cannot be sustained, as there is no proceeding nor application pending for letters of administration in chief. Subdivision 1 of § 2668 of the Code provides that, where delay necessarily occurs in the granting of letters testamentary or letters of administration, in consequence of a contest arising upon an application therefor, or for probate of a will, or in consequence of the absence from the State of an executor named in the will, or for any other cause, temporary letters of administration may issue. This section assumes that an application is pending for letters of administration in chief, before temporary letters will be issued.

Temporary letters may be granted where a delay necessarily occurs in the granting of letters in chief, in consequence of a contest arising upon the application for them. There being no application for letters in chief pending, no delay can occur in the granting of them. Therefore, the application for temporary letters must fall.

Motion denied, with $10 costs.